# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARK ANTHONY TAYLOR,            )
                                )
                    Plaintiff,  )
                                )
        v.                      )       1:16CV1424
                                )
NANCY A. BERRYHILL,             )
Acting Commissioner of Social   )
Security,[1]                    )
                                )
                    Defendant.  )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Mark Anthony Taylor, brought this action pursuant to the Social Security Act (the "Act") to obtain judicial review of a final decision of Defendant, the Acting Commissioner of Social Security, denying Plaintiff's claim for Supplemental Security Income ("SSI"). (Docket Entry 1.) Defendant has filed the certified administrative record (Docket Entry 9 (cited herein as "Tr. __")), and both parties have moved for judgment (Docket Entries 13, 15; see also Docket Entry 14 (Plaintiff's Memorandum); Docket Entry 16 (Defendant's Memorandum)). For the reasons that follow, the Court should enter judgment for Defendant.

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.  PROCEDURAL HISTORY

Plaintiff applied for SSI. (Tr. 222-33.) Upon denial of that application initially (Tr. 113-27, 147-50) and on reconsideration (Tr. 128-46, 160-69), Plaintiff requested a hearing de novo before an Administrative Law Judge ("ALJ") (Tr. 170-72). Plaintiff, his attorney, and a vocational expert ("VE") attended the hearing. (Tr. 42-107.)[2] The ALJ subsequently ruled that Plaintiff did not qualify as disabled under the Act. (Tr. 18-33.) The Appeals Council thereafter denied Plaintiff's request for review (Tr. 1-6, 15-17, 329-30), thereby making the ALJ's ruling the Commissioner's final decision for purposes of judicial review.

In rendering that disability determination, the ALJ made the following findings later adopted by the Commissioner:

> 1. [Plaintiff] has not engaged in substantial gainful activity since July 17, 2012, the application date.
>
> . . .
>
> 2. [Plaintiff] has the following severe impairments: back disorder; obesity; and bipolar disorder.
>
> . . .

---

[2] Following the hearing, the ALJ sent a set of written interrogatories to the VE containing, inter alia, additional hypothetical questions. (See Tr. 303-13.) Those new hypotheticals essentially matched those the ALJ asked the VE at the hearing, except that they contained the additional limitation that the individual could "have frequent interaction with supervisor[s], and occasional interaction with coworkers and the general public." (Compare Tr. 87-91, with Tr. 305, 307, 309, 311.) The additional social interaction limitation did not alter the VE's original answers to the hypotheticals. (Compare Tr. 87-91, with Tr. 315-22.) Following receipt of the VE's responses to the interrogatories, Plaintiff's counsel sent two additional questions to the VE regarding the basis for her reduction in the numbers of jobs available due to the presence of a sit/stand option in the hypothetical questions (see Tr. 323), to which the VE responded (see Tr. 324).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

. . .

4. . . . [Plaintiff] has the residual functional capacity to perform light work . . . except that he requires the option to alternate sitting and standing every ninety minutes. He can occasionally climb ramps and stairs; never climb ladders or scaffolds; and occasionally balance. He must not have any concentrated exposure to hazardous conditions, such as unprotected heights, dangerous moving machinery, or uneven surfaces. He retains the mental residual functional capacity to understand, recall, and carry out simple, routine tasks involving no more than simple, short instructions and simple, work-related decisions with few workplace changes. He can have frequent interaction with supervisors, and occasional interaction with coworkers and the general public.

. . .

5. [Plaintiff] is unable to perform any past relevant work.

. . .

9. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform.

. . .

10. [Plaintiff] has not been under a disability, as defined in the . . . Act, since July 17, 2012, the date the application was filed.

(Tr. 23-32 (bold font and internal parenthetical citations omitted).)

**II. DISCUSSION**

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of [the Court's] review of [such a] decision . . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). Plaintiff has not established entitlement to relief under the extremely limited review standard.

**A. Standard of Review**

"[C]ourts are not to try [a Social Security] case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, the Court "must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hines, 453 F.3d at 561 (internal brackets and quotation marks omitted). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (brackets and internal quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there

is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the [C]ourt should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ, as adopted by the Commissioner]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the ALJ)." Id. at 179 (internal quotation marks omitted). "The issue before [the Court], therefore, is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

When confronting that issue, the Court must take note that "[a] claimant for disability benefits bears the burden of proving a disability," Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981), and that, in this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months,'" id.

5

(quoting 42 U.S.C. § 423(d)(1)(A)).[3] "To regularize the adjudicative process, the Social Security Administration has . . . detailed regulations incorporating longstanding medical-vocational evaluation policies that take into account a claimant's age, education, and work experience in addition to [the claimant's] medical condition." Id. "These regulations establish a 'sequential evaluation process' to determine whether a claimant is disabled." Id.

This sequential evaluation process ("SEP") has up to five steps: "The claimant (1) must not be engaged in 'substantial gainful activity,' i.e., currently working; and (2) must have a 'severe' impairment that (3) meets or exceeds the 'listings' of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform [the claimant's] past work or (5) any other work." Albright v. Commissioner of the Soc. Sec. Admin., 174 F.3d 473, 475 n.2 (4th Cir. 1999).[4] A finding adverse to the claimant at any of several points in the SEP forecloses an award and ends the inquiry. For example, "[t]he first step determines whether the claimant is

---

[3] The Act "comprises two disability benefits programs. The Disability Insurance Benefits Program provides benefits to disabled persons who have contributed to the program while employed. [SSI] provides benefits to indigent disabled persons. The statutory definitions and the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

[4] "Through the fourth step, the burden of production and proof is on the claimant. If the claimant reaches step five, the burden shifts to the [Commissioner] . . . ." Hunter, 993 F.2d at 35 (internal citations omitted).

6

engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

On the other hand, if a claimant carries his or her burden at each of the first three steps, "the claimant is disabled." Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment, the ALJ must assess the claimant's residual functional capacity ('RFC')." Id. at 179.[5] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can perform past relevant work; if so, the claimant does not qualify as disabled. See id. at 179-80. However, if the claimant establishes an inability to return to prior work, the analysis proceeds to the fifth step, whereupon the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work

---

[5] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes both a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (e.g., pain)." Hines, 453 F.3d at 562-63.

7

experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Commissioner cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.[6]

### B. Assignment of Error

In Plaintiff's sole issue on review, she faults the ALJ for "fail[ing] to properly account for [Plaintiff's] moderate limitations in concentration, persistence, or pace [("CPP")] in [the] RFC." (Docket Entry 14 at 5 (bold font omitted).) In particular, Plaintiff contends that the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), "indicated its agreement with 'other circuits that an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work.'" (Docket Entry 14 at 6 (quoting Mascio, 780 F.3d at 638 (internal quotation marks omitted)).) In that regard, Plaintiff notes Mascio's holding that "'the ability to perform simple tasks differs from the ability to stay on task . . . [and] [o]nly the latter limitation would account for a claimant's

---

[6] A claimant thus can establish disability via two paths through the SEP. The first path requires resolution of the questions at steps one, two, and three in the claimant's favor, whereas, on the second path, the claimant must prevail at steps one, two, four, and five. Some short-hand judicial characterizations of the SEP appear to gloss over the fact that an adverse finding against a claimant on step three does not terminate the analysis. See, e.g., Hunter, 993 F.2d at 35 ("If the ALJ finds that a claimant has not satisfied any step of the process, review does not proceed to the next step.").

8

limitation in [CPP].'" (Id. (Plaintiff's bracketed language omitted) (quoting Mascio, 780 F.3d at 638).) According to Plaintiff, "[t]he limitations [in the RFC] for dealing with the public, co-workers and supervisors are social in nature . . . [and] [t]he limitations to 'simple, short instructions and simple, work-related decisions with few workplace changes' address [Plaintiff's] ability to perform simple tasks or unskilled work, not his ability to maintain [CPP]." (Id. (quoting Tr. 26).) Plaintiff thus argues that, because the ALJ did "not offer any explanation of how the RFC accounts for [Plaintiff's] limited ability to maintain [CPP], . . . the ALJ's decision . . . is not supported by substantial evidence and remand for further consideration is appropriate." (Id. at 9.) Plaintiff's arguments miss the mark. The Fourth Circuit has indeed held that "the ability to perform simple tasks differs from the ability to stay on task" and that "[o]nly the latter limitation would account for a claimant's limitation in [CPP]." Mascio, 780 F.3d at 638. However, as a neighboring district court has explained:

> Mascio does not broadly dictate that a claimant's moderate impairment in [CPP] always translates into a limitation in the RFC. Rather, Mascio underscores the ALJ's duty to adequately review the evidence and explain the decision . . . . An ALJ may account for a claimant's limitation with [CPP] by restricting the claimant to simple, routine, unskilled work where the record supports this conclusion, either through physician testimony, medical source statements, consultative examinations, or other evidence that is sufficiently evident to the reviewing court.

9

Jones v. Colvin, No. 7:14CV00273, 2015 WL 5056784, at *10-12 (W.D. Va. Aug. 20, 2015) (Magistrate Judge's Report & Recommendation adopted by District Judge) (unpublished) (emphasis added). Here, the ALJ's decision sufficiently explains why the restrictions in the RFC to "simple, routine tasks involving no more than simple, short instructions and simple, work-related decisions with few workplace changes . . . [as well as] frequent interaction with supervisors, and occasional interaction with coworkers and the general public" (Tr. 26) adequately accounted for Plaintiff's moderate limitation in CPP.

First, the ALJ summarized Plaintiff's mental health treatment (see Tr. 27-29), making the following, pertinent observations:

- Upon initial evaluation at Triumph Mental Health on July 2, 2012, a counselor found Plaintiff's anxiety "within normal limits" and "his affect, thought form, memory, judgment and insight, and attention and concentration . . . unremarkable" (Tr. 28 (emphasis added); see also Tr. 509);

- On July 25, 2012, Plaintiff and his girlfriend "reported that [Plaintiff] had been doing quite well since his discharge" from a June 20, 2012, inpatient hospitalization for symptoms of confusion agitation (id.; see also Tr. 425);

- Consultative psychological examiner Dr. Philip B. Hatfield observed on March 22, 2013, that Plaintiff's "speech was within the normal ranges; . . . his thought process w[as] linear and persistent; . . . the content of his thought was logical, coherent, and goal directed[,] . . . [his] affect w[as] euthymic, and . . . his memory for recent and remote events was intact" (id.; see also Tr. 576);

10

- In successive visits with Matthias Zimmerman, P.A., from December 30, 2013, to July 1, 2014, Plaintiff reported "that he had not experienced any breakthrough depression symptoms, . . . [and] that he rarely experienced anxiety" (id. at 28-29; see also Tr. 593, 597, 601).

Plaintiff does not challenge the ALJ's summarization of Plaintiff's mental health treatment history. (See Docket Entry 14.)

Second, the ALJ discussed Plaintiff's testimony regarding his mental symptoms (see Tr. 25, 27-29), but concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms [we]re not entirely credible" (Tr. 27). Plaintiff does not challenge the ALJ's evaluation of Plaintiff's subjective complaints. (See Docket Entry 14.)

Third, the ALJ also discussed and weighed the opinion evidence as it related to Plaintiff's ability to function mentally. (See Tr. 29-30.) Most notably, the ALJ gave "significant weight" to the state agency psychological consultants' opinions (Tr. 30), each of which concluded that, despite moderate deficit in CPP (see Tr. 117, 136), Plaintiff remained "able to carry out simple instructions [and to] maintain attention and concentration for two hours" (Tr. 123, 141).

Those three elements of the ALJ's decision adequately supported the conclusion that, despite moderate limitation in CPP, Plaintiff remained capable of performing simple, routine tasks with limited social interaction. See Sizemore v. Berryhill, __ F. App'x __, __, 2017 WL 467712, at *6 (4th Cir. Oct. 17, 2017) (rejecting

the plaintiff's argument under Mascio where ALJ relied on opinions of consultative examiner and state agency psychologist that, notwithstanding moderate deficit in CPP, the plaintiff could sustain attention sufficiently to perform SRRTs).

In sum, Plaintiff's assignment of error entitles her to no relief.

### III.  CONCLUSION

Plaintiff has not established an error warranting relief.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be affirmed, that Plaintiff's Motion for Summary Judgment (Docket Entry 13) be denied, that Defendant's Motion for Judgment on the Pleadings (Docket Entry 15) be granted, and that this action be dismissed with prejudice.

                                        /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                    **United States Magistrate Judge**

November 8, 2017